HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>IVAN RODRIGUEZ-MENDOZA,<br><br>    Defendant. | Case No. CR09-5868RBL<br><br>ORDER |

    THIS MATTER comes on before the above-entitled Court upon Defendant's Motion to Dismiss the Indictment [Dkt. #39]. Having considered the entirety of the records and file herein, and having determined that oral argument is not necessary to decide the motion, the Court finds and rules as follows:

## I. INTRODUCTION

    Ivan Rodriguez-Mendoza is charged by Indictment with one count of Illegal Reentry After Deportation in violation of 8 U.S.C. § 1326(a) and 1326(b)(2). He seeks to have the Indictment against him dismissed claiming that his November 19, 2007 removal order was invalid and thus cannot support the Illegal Reentry charge. Rodriguez-Mendoza claims the removal order is invalid because: (1) the Immigration Judge (IJ) at the removal proceeding did not give him any time to seek counsel; and (2) that the IJ failed to advise him that he could collaterally attack his 2007 Washington State conviction for delivery of methamphetamine, possession of methamphetamine with intent to deliver, and being an alien in possession of a firearm. He also seeks to collaterally attack that state conviction in this proceeding

alleging that his state court attorney failed to advise him of the immigration consequences of his conviction and he was thus denied the effective assistance of counsel. Rodriguez-Mendoza maintains that the denial of his Sixth Amendment right to the effective assistance of counsel invalidates the state court conviction thus foreclosing its use of a basis for his 2007 removal and this prosecution for illegal reentry.

## II. DISCUSSION

A defendant charged with Illegal Reentry After Deportation may collaterally attack the underlying removal order. He must show: "(1) exhaustion of available administrative remedies to seek relief from the deportation order, (2) improper deprivation of the opportunity for judicial review, and (3) fundamental unfairness of the underlying removal order." *United States v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006); 8 U.S.C. § 1326(d). To demonstrate that an underlying removal order is fundamentally unfair, a defendant must demonstrate that "(1) his due process rights were violated by defects in his underlying deportation proceeding, and, (2) he suffered prejudice as a result of the defects." *United States v. Zarete-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998), overruled on other grounds by *United States v. Corona-Sanchez*, 291 F.3d 1201 (9th Cir. 2002) (en banc). In order to establish prejudice, a defendant must show "plausible grounds of relief which might have been available to him but for the deprivation of rights." *Zarete-Martinez*, 133 F.3d at 1198, quoting *United States v. Leon-Leon*, 35 F.3d 1428, 1432 (9th Cir. 1994).

**A.   Defendant Did Not Exhaust His Administrative Remedies.**

In order to exhaust his administrative remedies, a defendant must directly appeal his deportation order. *United States v. Garza-Sanchez*, 217 F.3d 806, 808 (9th Cir. 2000). "Accordingly, a valid waiver of the right to appeal a deportation order precludes a later collateral attack." *Id*. "Due process requires that, to be valid, such waiver must be 'considered and intelligent.'" *Id*. (quoting *United States v. Mendoza-Lopez*, 481 U.S. 828, 840 (1987)).

The transcript of the defendant's removal proceedings reflects that the IJ advised Rodriguez-Mendoza of his right to appeal the removal order and that he affirmatively waived that right. See Exh. 6 to Government's Supplemental Motion in Limine, pp. 8-10 [Dkt. #44]. Other information in the record indicates that the defendant's decision to waive that right was "considered and intelligent." On November 1, 2007, the defendant filed a statement with the IJ indicating that he wished to waive his

appearance before an IJ and be removed from the United States.  His stated reason for doing so was that his children needed him in Mexico and that he knew that he was "unable to fight any case to stay in the U.S." Exh. 9 to Government's Opposition to Motion to Dismiss [Dkt. #45].

Therefore, his waiver of appeal was "considered and intelligent," and was valid.  He was not deprived of the opportunity of judicial review.

**B.    Even If Defendant's Waiver of Appeal Was Invalid, the Underlying Removal Order Was Not Fundamentally Unfair.**

    **1.    The IJ informed the defendant that he had the right to an attorney, could have more time to obtain one and the defendant told the IJ he did not want an attorney.**

The transcript of defendant's removal proceedings reflects that the IJ informed the defendant he had a right to an attorney and would be given more time to obtain one if he so desired.  Exh. 6, p. 4.  The defendant indicated he did not want more time.  *Id*. p. 6; see also Exh. 9.  Defendant's claim to the contrary is without merit.

    **2.    The IJ had no obligation to inform the defendant that he could collaterally attack his 2007 Washington State convictions.**

The defendant argues that the IJ should have informed him that he could collaterally attack his state court conviction.  A defendant may not collaterally attack his state court conviction in the removal proceeding.  *Ortega de Robles v. INS*, 58 F.3d 1355, 1358 (9th Cir. 1995); therefore, it follows that the IJ had no obligation to so inform the defendant.  The IJ also has no obligation to inform a defendant of potential constitutional challenges to his deportation.  *United States v. Garza-Sanchez,* 217 F.3d 268, 271 (9th Cir. 1996).

Rodriguez-Mendoza cites no contrary authority for his position and the Court is not aware of any.  The defendant's argument is without merit.

    **3.    The defendant's reliance on *Padilla v. Kentucky* is misplaced.**

Rodriguez-Mendoza cites to the recent Supreme Court decision in *Padilla v. Kentucky,* 130 S. Ct. 1473 (2010) in support of his claim that he was denied the effective assistance of counsel in his 2007 state conviction.  He asserts that because the time to file a post conviction motion before the state courts has passed, he can bring that challenge in this proceeding.  He is mistaken.  In *Zarete-Martinez, supra,* the Court held that a federal defendant's collateral attacks on state court convictions are precluded unless a Sixth Amendment issue is involved.  133 F.3d at 1199-1200.  In reaching that decision, the Court relied

on *Custis v. United States*, 511 U.S. 485 (1994). *Custis* made clear that the only Sixth Amendment violation that would support a federal defendant's collateral attack on his state court conviction is if that conviction was obtained in violation of the right to counsel. Claims of ineffective assistance of counsel are not cognizable. *Id.*, at 496. Therefore, Rodriguez-Mendoza may not challenge his state court conviction in this proceeding.

**4.     The defendant was not prejudiced.**

In order to demonstrate prejudice, the defendant must show that he has "plausible grounds for relief." Although the defendant makes a bare assertion that he is eligible for relief from deportation, the record does support his claim. Defendant's Notice to Appear (Exh. 2) also indicated that he was subject to removal because he was present in the United States without having been admitted or paroled by Immigration Officers. See 8 U.S.C. § 1182(a)(6)(A)(i). Therefore, even if he successfully challenged his underlying state court conviction, he would still be removable under the Immigration and Nationality Act (INA). However, he does not appear to qualify for any other form of relief from removal under the INA.

## C.  CONCLUSION

Defendant's Motion to Dismiss is **DENIED.**

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 7th day of June, 2010.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE