HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR09-5868RBL |
| v. | ORDER |
| IVAN RODRIGUEZ-MENDOZA, | |
| Defendant. | |

THIS MATTER comes on before the above-entitled Court upon Defendant's pro se Motion for a New Trial [Dkt. #73] and Motion to Dismiss [Dkt. #80]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

Defendant was tried and convicted on June 14, 2010 of one count of Illegal Reentry After Deportation in violation of 8 U.S.C. § 1326. Even though represented by retained counsel at trial, he has filed pro se a motion for a new trial alleging that his constitutional rights were violated when he appeared at trial in a khaki pair of pants and a khaki shirt issued by the Federal Detention Center. Defendant's motion is without merit.

As the government's response to the motion indicates and as the record clearly shows, when the Court inquired of defendant's counsel about the clothes the defendant was wearing, counsel affirmatively waived any objection to the defendant's appearance in jail-issued clothing. Because counsel, for whatever reason, waived his objection and because the defendant failed to make a record that the clothes

1 were identifiable as jail issued, any argument that the <u>government compelled</u> the defendant to appear in
2 jail issued clothes is waived.  *See Estelle v. Williams*, 425 U.S. 501, 512-513 (1976) ("although the State
3 cannot, consistently with the Fourteenth Amendment compel an accused to stand trial before a jury while
4 dressed in identifiable prison clothes, the failure to make an objection to the court as to being tried in such
5 clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a
6 constitutional violation"); *see also United States v. Rogers*, 769 F.2d 1418 (9th Cir. 1985).

7 Defendant's motion to dismiss the charge against him based on the failure of the government to
8 respond to his motion for a new trial is wholly without merit.  The government responded to the motion,
9 see docket number 75, and even if they did not respond to the motion - - an obligation they did not have
10 because the defendant filed the motion pro se even though represented by counsel - - dismissal of the
11 charge against him would not be the proper remedy.

12 Finally, the defendant is currently represented by appointed counsel.  The Court will not accept
13 further filings directly from the defendant.  Any further filings must be filed by his attorney.  If the
14 defendant attempts to directly file anything else, that document will not be docketed and will be
15 forwarded to his attorney.

16 Defendant's pro se Motion for a New Trial [Dkt. #73] and Motion to Dismiss [Dkt. #80] are
17 **DENIED**.  The Court will not accept any further filings directly from the defendant.

18 **IT IS SO ORDERED.**

19 Dated this 4th day of August, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE